### T. J. GASWELL *v.* JAS. A. THOMAS.

**Adverse Possession to Patent Boundaries.**

> After a possession and claim for nearly sixty years, the court will not disturb the claimant on account of the fact that the corners and boundaries of certain patents may omit or fail to include the land of the party in possession, and especially when practical surveyors had been making surveys and no discovery of vacant land had been made.

APPEAL FROM MONROE CIRCUIT COURT.

September 13, 1883.

OPINION BY JUDGE PRYOR:

The testimony in this case shows an uninterrupted possession of the land in controversy claiming to certain patent boundaries for more than half a century, and that appellant at one time entered upon the land he is now claiming as a purchaser from the appellee. In the litigation in regard to the purchase-money appellant seems to have discovered as he supposed vacant land, including the land in dispute, and that had been used, held and claimed by the appellee and those under him for so long a period. His right of recovery depends upon the recognition of certain corners and lines of patent boundaries, that he maintains being well established show the land in controversy to have been vacant land at the time he claimed his patent. After a possession and claim for near sixty years, the court will not be inclined to disturb the claim because the corners and boundaries of certain patents may omit or fail to include the land

of the party in possession, and particularly when practical surveyors have been making surveys, and no discovery of vacant land had been made until appellant, who failed to pay for it, from the party of whom he purchased, ascertained as he says that the title was in the commonwealth. Where the testimony is at all conflicting as to boundary in such a case as this, the one in possession with a claim existing for so long a period will not be ousted, although his boundary can not be definitely ascertained, or when the weight of the testimony as to boundary and the true corners may be against him. The appellant was too late in making the discovery.

Judgment *affirmed*. Judge Lewis not sitting.

*Grinstead & Basham, for appellant.*

*W. L. Porter, for appellee.*

